IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ANTONIO BENTON, MOULTRIE BENHAM, ARTHUR HOOTEN, COREY COLLINS, and DERONTA FRANKLIN, individually and on behalf of all others similarly situated** | : : : : : : : : | Civil Action File No. |
| | : | Jury Trial Demanded |
| **Plaintiffs,** | : : | |
| **vs.** | : : | |
| **A-TOW, INC. and SUSAN PAGE PORTER,** | : : : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiffs Antonio Benton, Moultrie Benham, Arthur Hooten, Corey Collins, and Deronta Franklin, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against A-Tow, Inc. and Susan Page Porter, and show the Court as follows:

**INTRODUCTION**

1.

This is an FLSA overtime case. Plaintiffs were formerly employed by Defendants as tow truck drivers. Defendants paid them a base weekly salary plus commissions earned on each tow. Defendants failed to pay them at one-and-one-half times their regular rate for work they performed in excess of 40 hours per week. Instead, Defendants arbitrarily designated a portion of commissions earned as overtime wages.

2.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, all drivers who have worked for A-Tow, Inc., within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Each individual Plaintiff's Consent to Be A Plaintiff in this FLSA Action is filed herewith as Exhibit "A".

4.

Plaintiffs request collective relief because all other A-Tow drivers were treated in a similar manner with respect to their compensation.

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because A-Tow's principal place of business is located in this judicial district, Porter resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

7.

Benton resides in DeKalb County, Georgia.

8.

Benham resides in DeKalb County, Georgia.

9.

Hooten resides in Clayton County, Georgia.

10.

Collins resides in Cobb County, Georgia.

11.

Franklin resides in Fulton County, Georgia.

12.

At all times material hereto, Defendants have jointly operated a tow truck service whose principal place of business is located at 180 Harriet Street, S.E., Atlanta, GA 30315.

13.

A-Tow is a corporation organized under the laws of the State of Georgia.

14.

A-Tow can be served via its registered agent S. Page Porter at 180 Harriett Street SE, Atlanta, Georgia 30315.

15.

A-Tow is subject to the personal jurisdiction of this Court.

16.

Porter is a resident of Cobb County, Georgia.

17.

Porter is subject to the personal jurisdiction of this Court.

18.

Porter is the CEO, CFO, Secretary, and Registered Agent of A-Tow.

19.

Porter can be served with process at her residence or wherever she can be found.

INDIVIDUAL COVERAGE

20.

At all times material hereto, Plaintiffs were "engaged in commerce" as employees of A-Tow as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

Specifically, Plaintiffs regularly operated tow trucks to provide towing services for disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

ENTERPRISE COVERAGE

22.

At all times material hereto, A-Tow has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

During 2012, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2013, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2014 A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, A-Tow had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2012, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2013, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2014, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2015, A-Tow had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

Specifically, at all times material hereto, A-Tow had two or more employees who regularly provided towing services for disabled or abandoned

vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

32.

During 2012, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

33.

During 2013, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

34.

During 2014, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

35.

During 2015, A-Tow had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

36.

At all times material hereto, A-Tow has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### STATUTORY EMPLOYER ALLEGATIONS

37.

Benton worked for A-Tow as a tow truck driver from approximately April 2014 through March 20, 2014.

38.

Benham worked for A-Tow as a tow truck driver from approximately March 17, 2010 through March 15, 2015.

39.

Hooten worked for A-Tow as a tow truck driver from approximately the years 2000 through 2006 and again from the year 2007 through approximately October 14, 2014.

40.

Collins worked for A-Tow as a tow truck driver from approximately March 18, 2014 through June 14, 2014.

41.

Franklin worked for A-Tow as a tow truck driver from approximately January 2005 through mid-January 2014.

42.

At all times material hereto, the work performed by Plaintiffs was integral to A-Tow's business purpose (*i.e.*, a towing company).

43.

At all times material hereto, Plaintiffs did not invest in A-Tow's business such that they shared any significant risk of loss.

44.

At all times material hereto, Plaintiffs did not utilize any special skills in the course of their work for A-Tow.

45.

At all times material hereto, Plaintiffs did not exercise independent business judgment in the course of their work for A-Tow.

46.

At all times material hereto, A-Tow exercised significant control over the amount of Plaintiffs' pay.

47.

At all times material hereto, A-Tow exercised significant control over Plaintiffs' work hours.

48.

At all times material hereto, A-Tow exercised significant control over how Plaintiffs' work was performed.

49.

At all times material hereto, A-Tow was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

50.

At all times material hereto, Plaintiffs were "employees" of A-Tow as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

51.

At all times material hereto, Porter exercised operational control over the work activities of Plaintiffs.

52.

At all times material hereto, Porter was involved in the day to day operation of A-Tow.

53.

At all times material hereto, A-1 vested Porter with supervisory authority over Plaintiffs.

54.

At all times material hereto, Porter exercised supervisory authority over Plaintiffs.

55.

At all times material hereto, Porter scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

56.

At all times material hereto, Porter exercised authority and supervision over Plaintiffs' compensation.

57.

At all times material hereto, Porter was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

58.

At all times material hereto, Plaintiffs were "employees" of Porter as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## COMMON FACTUAL ALLEGATIONS

59.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

60.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

61.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

62.

At all times material hereto, A-Tow did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

63.

At all times material hereto, A-Tow did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

64.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

65.

At all times material hereto, Plaintiffs' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

66.

At all times material hereto, A-Tow was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

67.

At all times material hereto, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

68.

At all times material hereto, Plaintiffs and all other A-Tow tow truck drivers worked schedules of alternating on and off days, with shifts lasting in excess of 12 hours each day worked.

69.

In no less than every other week, Plaintiffs and all other A-Tow tow truck drivers worked in excess of 40 hours per week.

70.

At all times material hereto, Defendants compensated Plaintiffs and all other A-Tow tow truck drivers on a base salary plus commission basis.

71.

At all times material hereto, Defendants agreed to pay Plaintiffs and all other A-Tow tow truck drivers commissions based on a percentage of the service fees A-Tow retained in connection with the service calls completed by each driver.

72.

At all times material hereto, Defendants' agreements with Plaintiffs and all other A-Tow tow truck drivers pertaining to the payment of commissions were reflected in written documents provided by Defendants to Plaintiffs and all other A-Tow tow truck drivers in their weekly pay envelope.

73.

At all times material hereto, Plaintiffs and all other A-Tow tow truck drivers performed their job duties for Defendants in reliance on both written and oral representations of Defendants as the calculation of retained service fees.

74.

At all times material hereto, Defendants agreed to calculate the amounts of retained service fees by subtracting predetermined amounts from predetermined types of impound calls.

75.

At all times material hereto, Defendants regularly miscalculated the amounts of retained service fees on impound calls.

76.

At all times material hereto, Defendants intentionally miscalculated the amounts of retained service fees on impound calls.

77.

At all times material hereto, Defendants intentionally underpaid commissions to Plaintiffs and all other A-Tow tow truck drivers based on their intentional miscalculation of retained service fees.

78.

Defendants intentionally underpaid commissions to Plaintiffs and all other A-Tow tow truck drivers in every week of each driver's employment during the three years prior to the filing of this Action.

79.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

80.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

81.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

82.

During each applicable pay period, Defendants failed to calculate a regular rate for their tow truck drivers by dividing the sum total of the commission earned and other earnings by the total hours worked.

83.

During each applicable pay period, Defendants failed to pay their tow truck drivers extra compensation at one-and-one-half times such a regular rate.

84.

Instead, Defendants arbitrarily designated a portion of the commission earned by the drivers as "overtime" pay.

85.

At all times material hereto, Defendants failed to pay Plaintiffs and all other A-Tow tow truck drivers one-and-one-half times their regular hourly rate for each hour worked in excess of 40 in each workweek.

## COUNT I — FAILURE TO PAY OVERTIME

### 86.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 87.

At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 88.

During their respective periods of employment with Defendants, Plaintiffs regularly worked in excess of 40 hours each week.

### 89.

Defendants failed to pay Plaintiffs at one-and-one-half times their regular rate for work in excess of 40 hours in any week during the entire period of their employment.

### 90.

Defendants willfully failed to Plaintiffs at one and one half times their regular rate for work in excess of 40 hours in any week during the entire period of their employment.

### 91.

Plaintiffs are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

92.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

93.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs are entitled to their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II – COLLECTIVE ACTION ALLEGATIONS

94.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

95.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by A-Tow.

96.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all tow truck drivers employed by A-Tow in the same manner as alleged above with respect to Plaintiffs.

97.

All tow truck drivers who have worked for Defendants within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

98.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq. to all individuals similarly situated to Plaintiffs for unpaid overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

99.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All individuals who have worked as tow truck drivers for A-Tow, Inc. since April 2012 through the present."

100.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

101.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiffs respectfully pray:

1.   That Plaintiffs' claims be tried before a jury;

2.   That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime wages due under the FLSA, plus an additional like amount in liquidated damages;

3.   That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

4.   That Plaintiffs be awarded their costs of litigation, including reasonable attorney's fees from Defendants;

5.   That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

6.   That the Court award all such individuals who "opt in" to this lawsuit their unpaid overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from Defendants; and

7.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                      **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

Counsel for Plaintiffs