# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO BENTON, MOULTRIE BENHAM, ARTHUR HOOTEN, COREY COLLINS, and DERONTA FRANKLIN, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:15-cv-01257-WSD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A-TOW, INC. and SUSAN PAGE PORTER, | ) ) ) | |
| Defendants. | ) | |

## JOINT APPLICATION FOR APPROVAL OF PARTIES' JOINT STIPULATION OF SETTLEMENT AND RELEASE

Named Plaintiffs Antonio Benton, Moultrie Benham, Arthur Hooten, Corey Collins, and Deronta Franklin, as well putative Plaintiffs for whom Plaintiffs' counsel has filed a Notice of Consent to Join a Collective Action, namely Samuel L. Wright Tommy Allen, Jr., Llewellyn Edinborough, Patrick Russell, and Alexander Coates (collectively "Plaintiffs"), and Defendants A-Tow, Inc. and Susan Page Porter (collectively "Defendants"), by and through their respective counsel of record, submit this Joint Application for Approval Parties' Joint

Stipulation of Settlement and Release.   In support of this Joint Application, Plaintiffs and Defendants (collectively the "Parties") state as follows:

1.      This case was originally filed on April 20, 2015.  [Dkt. No. 1].

2.      This is an action for damages against Defendants based on Plaintiffs' claim that Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

3.      The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA.

4.      Plaintiffs allege that Defendants failed to comply with the overtime provisions of the FLSA, and Defendants allege that Plaintiffs were properly compensated for all hours work for the primary benefit of A-Tow.

5.      To avoid expending time and expenses in litigation, the Parties to this action have engaged in meaningful, good faith settlement negotiations.

6.      To reach a full and fair compromise of disputed issues, the Parties conducted limited discovery, including the exchange of time records and payroll records for each Plaintiff.

7.      During the negotiations period, the Parties sought and obtained a stay of litigation on June 22, 2015 [Dkt. 11] up to and through July 30, 2015.

8.      The Parties subsequently sought and obtained an extension of the Court's stay of litigation up to and through August 15, 2015.  [Dkt. 15].

9.    On or about August 14, 2015, the Parties notified the Court that they had reached a settlement of the claims asserted by Plaintiffs in their Complaint. [Dkt. 16].

10.    The Parties have agreed to settle this lawsuit according to the terms of the Joint Stipulation of Settlement and Release submitted, as **Exhibit A**, with this motion.

11.    Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).

12.     In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Lynn's Food Stores,* 679 F.2d at 1354.

13.     The Parties agree that the proposed settlement is the product of serious, informed, non-collusive negotiations and compromise, has no obvious deficiencies, and does not improperly grant any preferential treatment to any individual plaintiff.

14.     The Parties further agree that the proposed settlement is fair and reasonable to each Plaintiff and the settlement furthers implementation of FLSA in the workplace.

15.     The amount of attorneys' fees and costs set forth in the Agreement represents legal work that was necessary to the prosecution of this case at reasonable rates for employment law attorneys in Atlanta.  The amounts to be paid

to Plaintiffs' counsel includes a contractually set payment of 25% of the non-wage-income portions paid to Plaintiffs in consideration of counsel's agreement to advance reasonable costs and based on the differing standards for the award of non-wage income damages under the FLSA.

16.    All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  And the Parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations.

17.    The Parties further agree that the proposed Joint Stipulation of Settlement and Release reflects a compromise of all disputed issues and claims; and accordingly, warrants dismissal of the pending action, with prejudice.

## CONCLUSION

Wherefore, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, incorporate the Settlement into its Order and dismiss the instant action with prejudice. The Parties further request that the Court retain jurisdiction over this action to enforce the terms of the settlement.

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

WE HEREBY CERTIFY that the foregoing document was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C.

ATL 20870832v4

Respectfully submitted on this 15th day of October, 2015.

| | |
|---|---|
| */s/ Kevin D.Fitzpatrick*<br>*(by David Long-Daniels with express permission)*<br><br>Charles R. Bridgers<br>Ga. Bar No. 080791<br>Kevin D. Fitzpatrick, Jr.<br>Ga. Bar No. 262375<br>Matthew W. Herrington<br>Ga. Bar No. 275411<br>***Attorneys for Plaintiffs***<br><br>**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**<br>3100 Centennial Tower<br>101 Marietta Street<br>Atlanta, Georgia 30303<br>(404)979-3150<br>(404) 979-3170  (F) | */s/ David Long-Daniels*<br><br>David Long-Daniels<br>Ga. Bar No. 141916<br>Natasha L. Wilson<br>Ga. Bar No. 371233<br>Sumaya S. Ellard<br>Ga. Bar No. 706569<br>***Attorneys for Defendants***<br><br>**GREENBERG TRAURIG, LLP**<br>Terminus 200, Suite 2500<br>3333 Piedmont Road, N.E.<br>Atlanta, Georgia  30305<br>(678) 553-2182<br>(678) 553-2183 (F) |