## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO BENTON, MOULTRIE BENHAM, ARTHUR HOOTEN, COREY COLLINS, and DERONTA FRANKLIN, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:15-cv-01257-WSD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A-TOW, INC. and SUSAN PAGE PORTER, | ) ) ) | |
| Defendants. | ) | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE
## BETWEEN PLAINTIFFS AND DEFENDANTS
## A-TOW, INC. AND SUSAN PAGE PORTER

Counsel of Record:

David Long-Daniels
Natasha L. Wilson
Sumaya S. Ellard

**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
3333 Piedmont Road, N.E.
Atlanta, Georgia  30305
(678) 553-2182
(678) 553-2183 (F)
*Attorneys for Defendants*

Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
Mitchell Benjamin
Matthew W. Herrington

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower, 101 Marietta Street
Atlanta, Georgia 30303
(404)979-3150
(404) 979-3170  (F)
*Attorneys for Plaintiffs*

Named Plaintiffs Antonio Benton ("Benton"), Moultrie Benham ("Benham"), Arthur Hooten ("Hooten"), Corey Collins ("Collins"), and Deronta Franklin ("Franklin") as well putative Plaintiffs for whom Plaintiffs' counsel has filed a Notice of Consent to Join a Collective Action, namely Samuel L. Wright ("Wright"), Tommy Allen, Jr. ("Allen"), Llewellyn Edinborough ("Edinborough"), Patrick Russell ("Russell"), and Alexander Coates ("Coates"), and Defendants A-Tow, Inc. and Susan Page Porter, by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release.

## I.        DEFINITIONS

1.        "Action" shall mean the case captioned *Antonio Benton, Moultrie Benham, Arthur Hooten, Corey Collins, and Deronta Franklin, individually and on behalf of others similarly situated, v. A-Tow, Inc. and Susan Page Porter, Civil Action No. 1:15-cv-01257-WSD*.

2.        "A-Tow" shall mean Defendants A-Tow, Inc. and Susan Page Porter, and all of their respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, assigns and related and affiliated entities.

3.        "Plaintiffs" shall mean the named Plaintiffs Benton, Benham, Hooten, Collins and Franklin as well as all persons associated with them and for

2

whom Plaintiffs' Counsel has filed a Notice of Consent to Join a Collective Action, namely, Wright, Allen, Edinborough, Russell, and Coates.

4.      "Plaintiffs' Counsel" shall mean Charles R. Bridgers, Kevin D. Fitzpatrick, Jr., Mitchell Benjamin and Matthew W. Herrington of the law firm Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC.

5.      "A-Tow's Counsel" shall mean David W. Long-Daniels, Natasha Wilson, and Sumaya Ellard of the law firm Greenberg Traurig, LLP.

6.      "Court" refers to the United States District Court for the Northern District of Georgia, Atlanta Division.

7.      "Final Judgment" shall mean the order granting final approval of this settlement and dismissal of the Action, with prejudice, entered by the Court.

8.      "Settlement Payment" shall mean the payments, defined in Section III herein.

9.      "Parties" shall mean the Plaintiffs and A-Tow.

10.     "Settlement" shall mean this Joint Stipulation of Settlement and Release.

11.     "Settlement Effective Date" shall mean the first day following Final Judgment.

**II.**        **RECITALS**

12.        On April 20, 2015, named Plaintiffs Benton, Benham, Hooten, Collins, and Franklin commenced a collective action against A-Tow, Inc. and Susan Page Porter, in the United States District Court for the Northern District of Georgia, Atlanta Division alleging overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

13.        Plaintiffs believe the Action is meritorious based on alleged violations of federal wage-and-hour laws and that the Action is appropriate for collective action treatment. A-Tow denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than settlement, this Action is not appropriate for collective action treatment pursuant to 29 U.S.C. § 216(b) or FLSA §16(b). A-Tow further contends that it has complied with all state and federal wage-and-hour laws, including the FLSA.

14.        The Parties have engaged in extensive efforts to reach a prompt and amicable resolution of this Action. The Parties commenced settlement discussion on June 16, 2015. To facilitate settlement negotiations, the Parties requested that the Court stay the litigation through July 30, 2015. The Parties conducted limited informal discovery to aid in settlement negotiations. The Parties continued to negotiate in good faith, but realized that additional time was needed to reach a

4

settlement. Accordingly, the parties requested and obtained a second stay of the litigation through August 15, 2015. The Parties reached an agreement to settle the Action, and notified the Court of the same on August 14, 2015. The Parties have agreed to settle on the terms set forth below.

15. Plaintiffs' Counsel represents that it has conducted a thorough investigation into the facts of this case and has diligently pursued an investigation of Plaintiffs' claims against A-Tow, including (i) interviewing Plaintiffs and analyzing the results of Plaintiffs' interviews; (ii) reviewing relevant documents and calculating settlement payments for commission based employees; (iii) researching the applicable law and the potential defenses; and (iv) negotiating settlement and including drafting proposals and counter proposals. Based on its own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by A-Tow. A-Tow agrees that the Settlement is fair, reasonable and adequate.

16. The entry of Final Judgment in this Action shall dismiss with prejudice all claims that were or that could have been alleged in Plaintiffs' complaint. The Parties agree to cooperate and take all steps necessary and

appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

**III.**        **TERMS OF SETTLEMENT**

17.    <u>Settlement Payment</u>:

A-Tow will pay to Plaintiffs a total settlement amount of One Hundred Seventy-Five Thousand Five Hundred Forty-Seven Dollars and Fourteen Cents ($175,547.14) as follows:

a)    One check made payable to Antonio Benton in the amount of Four Thousand Seven Hundred Eighty-Six Dollars and Twenty-Nine Cents ($4,786.29) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Benton and one check made payable to Antonio Benton in the amount of Four Thousand Seven Hundred Eighty-Six Dollars and Twenty-Nine Cents ($4,786.29) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Employee for this non-wages portion of the payment.

b)    One check made payable to Moultrie Benham in the amount of Sixteen Thousand Five Hundred Eighty-Four Dollars and Seventy-Nine Cents ($16,584.79) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Benham and one check made payable to Moultrie Benham in the amount of Sixteen Thousand Five Hundred Eighty-Four Dollars and Seventy-Nine Cents ($16,584.79) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Benham for this non-wages portion of the payment.

c)    One check made payable to Arthur Hooten in the amount of Twelve Thousand Four Hundred Eleven Dollars and Fifty-Eight Cents ($12,411.58) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Hooten and one check made payable to Arthur Hooten in the amount of Twelve Thousand Four Hundred Eleven Dollars and Fifty-Eight Cents ($12,411.58) for non-wage income from which no withholdings

7

will be deducted and for which A-Tow will issue an IRS Form 1099 to Hooten for this non-wages portion of the payment.

d)     One check made payable to Corey Collins in the amount of Six Hundred Seventy-Two Dollars and Fifty Cents ($672.50) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Collins and one check made payable to Corey Collins in the amount of Six Hundred Seventy-Two Dollars and Fifty Cents ($672.50) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Collins for this non-wages portion of the payment.

e)     One check made payable to Deronta Franklin in the amount of Fourteen Thousand Six Hundred Thirty-Eight Dollars and Forty-Four Cents ($14,638.44) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Franklin and one check made payable to Deronta Franklin in the amount of Fourteen Thousand Six Hundred Thirty-Eight Dollars and

*ATL 20889209v3*

Forty-Four Cents ($14,638.44) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Franklin for this non-wages portion of the payment.

f)   One check made payable to Samuel Wright in the amount of Seven Thousand Two Hundred Fifty-Four Dollars and Fifty-Two Cents ($7,254.52) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Wright and one check made payable to Samuel Wright in the amount of Seven Thousand Two Hundred Fifty-Four Dollars and Fifty-Two Cents ($7,254.52) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Wright for this non-wages portion of the payment.

g)   One check made payable to Tommy Allen, Jr. in the amount of Five Thousand Five Dollars and Ninety-Seven Cents ($5,005.97) for wage income from which statutory withholdings and applicable taxes will be withheld and for

which A-Tow will issue an IRS Form W-2 to Allen and one check made payable to Tommy Allen, Jr. in the amount of Five Thousand Five Dollars and Ninety-Seven Cents ($5,005.97) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Allen for this non-wages portion of the payment.

h)   One check made payable to Llewellyn Edinborough in the amount of Eleven Thousand Ninety-Six Dollars and Ninety-Four Cents ($11,096.94) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Edinborough and one check made payable to Llewellyn Edinborough in the amount of Eleven Thousand Ninety-Six Dollars and Ninety-Four Cents ($11,096.94) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Edinborough for this non-wages portion of the payment.

i)   One check made payable to Patrick Russell in the amount of Nine Thousand Eight Hundred Thirty-Two Dollars and Sixteen

10

Cents ($9,832.16) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Russell and one check made payable to Patrick Russell in the amount of Nine Thousand Eight Hundred Thirty-Two Dollars and Sixteen Cents ($9,832.16) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Russell for this non-wages portion of the payment.

j)    One check made payable to Alexander Coates in the amount of Five Thousand Four Hundred Ninety Dollars and Nine Cents ($5,490.09) for wage income from which statutory withholdings and applicable taxes will be withheld and for which A-Tow will issue an IRS Form W-2 to Coates and one check made payable to Alexander Coates in the amount of Five Thousand Four Hundred Ninety Dollars and Nine Cents ($5,490.09) for non-wage income from which no withholdings will be deducted and for which A-Tow will issue an IRS Form 1099 to Coates for this non-wages portion of the payment.

11

18.     <u>Attorneys' Fees</u>.   A-Tow agrees, subject to the approval of the Court, to pay to Plaintiffs' Counsel $34,596.78 in attorneys' fees to compensate Plaintiffs' Counsel for the work performed in this case.

19.     <u>Distribution of Settlement</u>.   The Settlement Payments will be issued to Plaintiffs' Counsel within ten (10) days after the Court enters an Order approving this Settlement and Dismissing this Action, with prejudice, pursuant to the terms set forth in Section VIII herein.   However, in no event shall the Settlement Payment be issued prior to the expiration of the Revocation Period described in Section XXVI of this Settlement.

20.     <u>Tax Liability</u>.   A-Tow has made no representations to Plaintiffs or Plaintiffs' Counsel regarding the tax consequences of any amounts received by Plaintiffs or Plaintiffs' Counsel pursuant to this Settlement.   Plaintiffs acknowledge and agree that the identification and payment of any tax liability arising from the payments made to Plaintiffs pursuant to this Settlement, with the exception of the applicable taxes and withholdings referenced in paragraph 17, are solely the respective responsibility of each Plaintiff.

## IV.     <u>RELEASE OF CLAIMS</u>

21.     <u>Released Claims</u>.   In exchange for the Settlement Payment, Plaintiff, on behalf of himself, his spouse (if any), and his marital community (if

12

applicable), as well as Plaintiff's heirs, agents, assigns, and executors, hereby fully and unconditionally releases and discharges A-Tow, including its past and present officers, directors, members, stockholders, subsidiaries, affiliates, agents, employees, representatives, lawyers, administrators, successors, and assigns (collectively referred to as "Released Parties"), of and from any and all claims, demands, actions, or causes of action, damages, or suits at law or equity, of whatsoever kind or nature, including, but not limited to, all claims and/or demands for back pay, reinstatement, hire or rehire, front pay, group insurance of employee benefits of whatsoever kind (except on rights expressly provided for herein), claims for monies and/or expenses, any claims arising out of or relating to Plaintiff's hiring, employment or the cessation of Plaintiff's employment with A-Tow, any claims for failing to obtain employment at any other Company or with any other person or employer, and/or demands for attorneys' fees and legal expenses that Plaintiff has or may have by reason of any matter or thing arising out of, or in any way connected with, directly or indirectly, any act and/or omission that has occurred prior to the effective date of this Agreement.  The release does not apply to any claims for unemployment compensation or any other claims, which, by law, cannot be waived.  Plaintiff acknowledges and understands that, by executing this Agreement, he shall be releasing A-Tow and any and all of the

13

Released Parties from any and all claims or liabilities arising out of or relating to Plaintiff's employment with A-Tow and the termination of such employment, including, but not limited to:  claims of discrimination based on age, race, color, sex (including sexual harassment), religion, national origin, marital status, parental status, veteran status, union activities, disability or any other grounds under applicable federal, state or local law, including, but not limited to, any claim of discrimination under federal or state law, that he now has, may have, or subsequently may have, including, but not limited to, any claims under the Civil Rights Acts of 1866 and 1964, as amended, 42 U.S.C. §§ 1981 and 2000(e) *et seq.*; the Civil Rights Act of 1991; the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended; the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended; the Sarbanes-Oxley Act of 2002, as amended, including the Corporate and Criminal Fraud Accountability Act, 18 U.S.C. §§ 1514A; the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*; the Older Workers Benefit Protection Act, Pub. L. 101-433 ("OWBPA"); the Equal Pay Act, 29 U.S.C. § 206(d); the Lily Ledbetter Fair Pay Act; the Pregnancy Discrimination

Act; Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), as amended; Genetic Information Non-Discrimination Act of 2008 ("GINA"); the American Recovery and Reinvestment Act of 2009 (as amended); Occupational Safety and Health Act; The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); state and federal Worker Adjustment and Retraining Notification Acts, all other federal, state or local laws, regulations and ordinances governing discrimination in employment; the right to bring demands, complaints, causes of action, and claims under any other federal, state, local or common law, statute, regulation or decision, any claim for costs and attorneys' fees with respect to the negotiation and finalization of this Agreement; claims under any employment, contract or tort laws, including, but not limited to, any claims of wrongful discharge, breach of contract, defamation, intentional infliction of emotional distress, negligence, and other personal injury laws; claims for compensation, employee benefits, past or future bonuses or awards, warrants, options or under vacation and severance plans; claims under any workers' compensation laws; all claims arising out of or incident to Plaintiff's employment with A-Tow and the circumstances of Plaintiff's termination of employment by A-Tow; and any other claims arising out of any employment contract, policy or procedure. By signing this Agreement, however, Plaintiff does not release any

15

claims arising after the Effective Date or any claims that cannot be released as a matter of law.

22.     Release of ADEA and OWBPA Claims.   Plaintiffs who are 40 years old and older at the time of this Settlement, agree and understand that they are each specifically releasing all claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*., the Older Workers Benefit Protection Act, Pub. L. 101-433 ("OWBPA"), and any federal, state or local fair employment acts arising up to the date of her execution of this Settlement.

(a)     Full Review.   Plaintiffs affirm that Plaintiffs have read this Settlement in its entirety and have had a full and fair opportunity to consider and understand its terms and to be advised by Plaintiffs' counsel.   Plaintiffs further acknowledge that Plaintiffs are executing this Settlement in exchange for consideration; that Plaintiffs understand the Settlement; and have, of Plaintiffs' own free will, without coercion, agreed to the terms of the Settlement.

(b)     Attorney Consultation and Revocation.        Plaintiffs     further understand that Plaintiffs have been advised herein in writing that: (i) Plaintiffs should consult with an attorney before signing this Settlement; (ii) Plaintiffs, 40 years old and older at the time of this Settlement, have forty-five (45) days to

16

consider the Settlement; (iii) if Plaintiffs, 40 years old and older at the time of this Settlement, sign this Settlement, Plaintiffs may revoke it within seven (7) days after signing; and (iv) this Settlement shall not be enforceable, with respect to Plaintiffs 40 years old or older at the time of this Settlement until the seven (7) day revocation period has expired without the Settlement having been revoked as provided herein.   Revocation can be made by delivering a written notice of revocation to:

David W. Long-Daniels, Esq.<br/>
Greenberg Traurig, LLP<br/>
3333 Piedmont Road<br/>
Suite 2500<br/>
Atlanta, Georgia  30305

The Parties expressly agree that, in the event that any Plaintiff revokes this Settlement, the Settlement shall be null and void and have no legal or binding effect whatsoever, with respect to that Plaintiff.   The Parties to this Settlement recognize that Plaintiffs, 40 years old and older at the time of this Settlement, may elect to sign this Settlement before the expiration of the forty-five (45) day consideration period specified herein.

23.    <u>Waiver of Unknown Claims</u>.  Plaintiff hereby settles all differences between A-Tow and him concerning his employment by A-Tow, including, without limitation, his wages, hours, working conditions, and all other terms and

17

conditions of employment during his employment, and occurring up to the date of this Agreement, the separation of his employment, and all other matters related to his employment by A-Tow.  Plaintiff acknowledges full accord, satisfaction, settlement and release of any and all charges, demands, rights, actions, causes of action, damages or claims of damage, including, but not limited to, actual, compensatory, exemplary, liquidated, punitive, injunctive, and nominal damages as well as any related costs and attorneys' fees associated therewith, of whatsoever kind and nature which he has or may have against A-Tow by reason of, or related to, without limitation, his employment by or separation of his employment from A-Tow.  Plaintiff acknowledges that Plaintiff is aware that Plaintiff may hereafter discover facts different from or in addition to those which Plaintiff now knows or believes to be true with respect to the matters released in Paragraphs 21 and 22 above, and agrees that the releases so given herein, shall be and remain in effect as a full and complete release of the respective claims, notwithstanding any such different or additional facts.

24.     Subsequent Discovery.    Plaintiffs acknowledge that each Plaintiff is aware that he may hereafter discover facts different from or in addition to those which he now knows or believes to be true with respect to the matters released in Paragraphs 21-23 above, and agrees that the releases so given above, shall be and

18

remain in effect as a full and complete release of the respective claims, notwithstanding any such different or additional facts.

25.     <u>Estoppel</u>.   Plaintiffs hereby acknowledge that said claims are released and covenant and agree not to initiate or pursue any litigation related to any manner whatsoever with respect to the claims released herein.

## V.        **COURT APPROVAL**

26.     If this Settlement is not approved by the Court, the Settlement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.

## VI.       **PARTIES' AUTHORITY**

27.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## VII.      **INDEMNITY**

28.     Plaintiffs shall indemnify and hold harmless the Released Parties from and against any liability or loss, and for any reasonable cost, expense (including attorneys' fees), judgment, or settlement, based on or arising out of (a) any breach of this Settlement by Plaintiffs; (b) any back taxes, penalties, or fines that may be assessed by the IRS or any other taxing authority as a result of any

payments made Plaintiffs pursuant to this Settlement; and (c) any future lawsuits or administrative proceedings involving any of the claims released in Section IV herein.

## VIII.       DISMISSAL WITH PREJUDICE

29.       The Parties, through their counsel, shall jointly request that the Court approve the Settlement, incorporate the Settlement into its Order approving the Settlement and dismiss the Action, with prejudice. The Parties covenant to take all necessary actions to ensure this matter is dismissed with prejudice.

## IX.       NON DISPARAGEMENT

30.       Plaintiffs and their agents further agree that they shall each not disparage A-Tow or any of the other Released Parties in any manner, including, but not limited to, making any negative comments about A-Tow, their employees, their clients, their services, or any of the other Released Parties. Susan Page Porter will not disparage any of the Plaintiffs in any manner. A-Tow shall provide Plaintiffs with neutral references stating the respective dates of employment, most recent position, and ending salary.

31.       Plaintiffs acknowledge and agree that if Plaintiff breaches any part of this Section IX, the resulting damages would be impracticable or extremely difficult to determine.  Because of the difficulty in calculating the damages from

such breach, Plaintiffs shall pay A-Tow $5,000.00 as nominal damages per breach and not as a penalty, as well as reputational or any other damages to A-Tow and any remuneration or earnings received by Plaintiffs in connection with such breach.  In addition, Plaintiffs shall pay all proven reasonable attorneys' fees and costs associated with enforcement of this Section.

X.         <u>**WAIVER OF RE-EMPLOYMENT**</u>

32.    Plaintiffs Benton, Benham, Hooten, Collins, Franklin, Wright, Edinborough, Russell, and Coates ("Former Employed Plaintiffs") represent that he does not desire employment or re-employment with any of the Released Parties and hereby waives any rights he may otherwise have to employment with any of the Released Parties.   Each Formerly Employed Plaintiff further agrees and promises that he will not at any time seek employment with any of the Released Parties.   Each Formerly Employed Plaintiff agrees that this Settlement shall constitute a complete and absolute bar to any and all claims by the Formerly Employed Plaintiff related to any and all refusals by the Released Parties, or any of their affiliates, to employ any of the Formerly Released Parties, and shall serve as good cause, non-retaliatory and non-discriminatory grounds for failure to hire him. If any of the Formerly Employed Plaintiffs is inadvertently hired by any of the Released Parties, the Formerly Employed Plaintiff covenants that he will resign his

employment immediately after receiving notice, and that this Settlement shall constitute good cause, non-retaliatory and non-discriminatory grounds for immediate termination of employment.

## X.        MUTUAL FULL COOPERATION

33.  The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Plaintiffs and Plaintiffs' Counsel shall, with the assistance and cooperation of A-Tow and A-Tow's Counsel, take all necessary steps to secure the Court's Final Judgment.

## XI.        NO PRIOR ASSIGNMENTS

34.    The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

ATL 20889209v3

## XII.        NO ADMISSION

35. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of A-Tow, and A-Tow denies liability therefor.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIII.       ENFORCEMENT ACTIONS

36.    In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XIV.       NOTICES

37.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to

have been duly given as of the third business day after mailing by United States

registered or certified mail, return receipt requested, addressed as follows:

    (a)    <u>To the Plaintiffs</u>:

        Kevin D. Fitzpatrick, Jr.
        Delong Caldwell Bridgers & Fitzpatrick, LLC
        3100 Centennial Tower
        101 Marietta Street
        Atlanta, Georgia 30303

    (b)    <u>To A-Tow</u>:
        David W. Long-Daniels, Esq.
        Greenberg Traurig, LLP
        3333 Piedmont Road
        Suite 2500
        Atlanta, Georgia  30305

## XV.    <u>CONSTRUCTION</u>

38.    The Parties agree that the terms and conditions of this Settlement are

the result of lengthy, intensive arms-length negotiations between the Parties and

that this Settlement shall not be construed in favor of or against any party by

reason of the extent to which any party or her or its counsel participated in the

drafting of this Settlement.

## XVI.    <u>CAPTIONS AND INTERPRETATIONS</u>

39.    Paragraph titles or captions contained in this Settlement are a matter

of convenience and for reference, and in no way define, limit, extend, or describe

ATL 20889209v3

the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XVII.      MODIFICATION

40.    This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XIII.      INTEGRATION CLAUSE

41.    This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

## XIX.      BINDING ON ASSIGNS

42.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

ATL 20889209v3

## XX.        <u>COUNTERPARTS</u>

43.    This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXI.       <u>GOVERNING LAW</u>

44.    The Parties agree that this Settlement shall be interpreted, construed, and enforced in accordance with the substantive laws of the State of Georgia without reference to conflict of law principles.

## XXII.      <u>SEVERABILITY</u>

45.    Should any provision of this Settlement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement, such finding shall not invalidate or make unenforceable any other provision of the Settlement or affect in any way whatsoever the validity or enforceability of the Settlement as a whole.

## XXV.       <u>PLAINTIFFS' REPRESENTATIONS</u>

46.    Plaintiffs understand and agree:

(a)    That they have the right to consult with legal counsel regarding

this Settlement and is encouraged to consult with legal counsel with regard to this Settlement;

(b)     Plaintiffs who are 40 years old and older at the time of this Settlement understand and agree that they have had (or had the opportunity to take) forty-five (45) calendar days to discuss this Settlement with a lawyer of their choice before signing it and, if they sign before the end of that period, they do so of their own free will and with the full knowledge that they could have taken the full period;

(c)     That they are entering into this Settlement freely and voluntarily and not as a result of any coercion, duress or undue influence;

(d)     That they are not relying upon any oral representations made to them regarding the subject matter of this Settlement; and,

(e)     That they have received all information they require from A-Tow in order to make a knowing and voluntary release and waiver of all claims against them.

## XXVI.        **REVOCATION PERIOD**

47.     Plaintiffs who are 40 years old and older at the time of this Settlement, acknowledge and agree that they have seven (7) days from the date of the execution of this Settlement within which to rescind or revoke this Settlement by

27

providing notice in writing to A-Tow's counsel.  If, after signing, Plaintiffs choose to revoke this Settlement, they must do so by notifying A-Tow's Counsel in writing.  This written notice of revocation must be delivered pursuant to the terms described in Section IV, herein.

**[SIGNATURES ON FOLLOWING PAGE]**

*ATL 20889209v3*

IN WITNESS WHEREOF, the parties hereto have executed this Settlement as of the Execution Date.

_____

**ANTONIO BENTON**

Date: October        , 2015

_____

**MOULTRIE BENHAM**

Date: October        , 2015

_____

**ARTHUR HOOTEN**

Date: October        , 2015

_____

**COREY COLLINS**

Date: October        , 2015

_____

**DERONTA FRANKLIN**

Date October        , 2015

29

---

**SAMUEL L. WRIGHT**

Date: October _____, 2015

---

**TOMMY ALLEN, JR.**

Date: October _____, 2015

---

**LLEWELLYN EDINBOROUGH**

Date: October _____, 2015

---

**PATRICK RUSSELL**

Date: October _____, 2015

---

**ALEXANDER COATES**

Date October _____, 2015

ATL 20889209v3

**A-TOW, INC.**

_____

By: _____
Its: _____

Date: October        , 2015




_____

**SUSAN PAGE PORTER**

Date October        , 2015

31

## CERTIFICATE OF NON-REVOCATION

I, _____, hereby acknowledge that on _____, 2015, I received the document entitled "**JOINT STIPULATION OF SETTLEMENT AND RELEASE**" ("Agreement"), by and among myself and A-Tow, Inc. and Susan Page Porter (collectively the "Company").  Thereafter, I executed said Agreement and seven (7) days have passed since my execution.  By signing below, I confirm that I have not exercised my right to revoke the Agreement and understand that the Company is relying on this Certificate of Non-Revocation and the representations herein in making the severance payment set forth in the Agreement.

Date: _____

Signature:_____
*[must be signed and dated 8 or more calendar days*
*following date Agreement executed]*

ATL 20889209v3