## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO BENTON, MOULTRIE BENHAM, ARTHUR HOOTEN, COREY COLLINS, and DERONTA FRANKLIN, individually and on behalf of all others similarly situated | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:15-cv-01257-WSD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| A-TOW, INC. and SUSAN PAGE PORTER, | ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

This matter is before the Court on the Parties' Joint Motion to Approve Settlement. [Dkt. 22]

This is an action to recover alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* "When employees bring a private action for back wages under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350, 1351 (11th Cir. 1982).

Having reviewed the Settlement Agreement, the Court finds that the settlement, including the amount to be paid to Plaintiffs, is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See, id.* at 1355. The Court finds that the Settlement Agreement was negotiated at arms-length by represented parties and is not the result of collusion. The Court also finds the amount of attorneys' fees and costs to be paid by Defendant to Plaintiffs' counsel is reasonable in view of the results obtained and the customary fee for similar legal services provided in the Atlanta market. *See, Kreager c. Dolomon & Planagan, P.A.,* 755 F.2d 1541, 1542 (11th Cir. 1985) (award of attorneys' fees is mandatory for prevailing plaintiff under FLSA) (citing 29 U.S.C. § 291(b)); *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1146-7 (M.D. Fla. 2005) (noting greater flexibility in determining reasonableness of attorneys' fees award under FLSA where action is individual action and defendant agrees to the award).

Accordingly, and for the foregoing reasons,

The Court GRANTS the Parties' Joint Motion.

**IT IS HEREBY ORDERED** that the Parties' Joint Motion to Approve Settlement [Dkt. 22] is GRANTED. The Settlement Agreement is **APPROVED,** and incorporated herein and this action is **DISMISSED WITH PREJUDICE.**

2

**SO ORDERED** this <u>19ᵗʰ</u> day of <u>October</u> 2015.

HONORABLE WILLIAM S. DUFFEY, JR.
United States District Judge

3